This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NEW MEXICO TAXATION AND
REVENUE DEPARTMENT,**

    Plaintiff-Appellant,

v.                            **NO. 30,956**

**TERRY AND EVA CAPEHART,**

    Defendants-Appellees.

**IN THE MATTER OF THE PROTEST OF
TERRY AND EVA CAPEHART.**

**APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT
Sally Galanter, Hearing Officer**

New Mexico Taxation and Revenue Department
Gary K. King, Attorney General
Amy Chavez-Romero, Special Assistant Attorney General
Santa Fe, NM

for Appellant

Terry Capehart
Eva Capehart
Apache Junction, AZ

Pro Se Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

The Taxation and Revenue Department (Department) appeals from the order of its hearing officer concerning penalties due by Terry and Eva Capehart (Taxpayers) in connection with gross receipts taxes due in 2006. We reverse.

Prior to January 1, 2008, NMSA 1978, Section 7-1-69(A) (2003) (amended 2007) provided that a penalty of two percent per month or any fraction of a month would be added to the amount of an assessment if a taxpayer failed to file a tax return or to pay taxes when due because of negligence of disregard of Department rules or regulations, but without intent to evade or defeat a tax. The statute then provided a maximum penalty of ten percent. Section 7-1-69(A)(1) (2003). In 2007, the Legislature amended Section 7-1-69 to increase the maximum penalty to twenty percent effective January 1, 2008. 2007 N.M. Laws, ch. 45, §§ 4, 16; NMSA 1978, § 7-1-69(A) (2007).

On May 6, 2009, the Department issued an assessment to Taxpayers for gross receipts taxes due in 2006, including interest and a twenty percent penalty. Taxpayers protested the interest and penalty. The hearing officer denied the protest, but reduced the penalty to ten percent based on the 2007 amendment to Section 7-1-69.

The Department appealed and filed its brief in chief. After Taxpayers did not

file an answer brief, the Court notified Taxpayers that the case would be submitted to a panel for decision based on the brief in chief. Taxpayers sent a letter to the Court, which the Court will consider as Taxpayers' answer brief.

The Court has addressed the same issue raised in this appeal in *GEA Integrated Cooling Technology v. New Mexico Taxation & Revenue Department*, 2011-NMCA-__, __ N.M. __, __ P.3d __ (No. 30,790, filed Dec. 8, 2011), in which we considered the briefs of the parties as well as conducted oral argument. In *GEA Integrated Cooling Technology*, we held that the date of the assessment under Section 7-1-69 determines the maximum penalty that the Department is to apply. *GEA Integrated Cooling Technology*, 2011-NMCA__, ¶ 10. In that case, the department issued an assessment in 2009 for gross receipts taxes due in 2006 and 2007. *Id.* ¶ 2. Thus, we held that the 2007 amendment and the twenty percent maximum penalty applied to the assessment. *Id.* ¶ 15. Based on *GEA Integrated Cooling Technology*, we reach the same result in this case.

**CONCLUSION**

Because the Department issued its assessment after January 1, 2008, the 2007 amendment to Section 7-1-69 was in effect. The Department could impose a twenty percent maximum penalty. We reverse the decision of the hearing officer to the extent that it imposed the ten percent maximum penalty.

3

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

4